THE STATE, REBECCA R. ALDEN, PROS., v. THE MAYOR, &c., OF NEWARK.

1   The assessor, in describing real estate under the act concerning taxes, (*Nix. Dig.* 952, *pl.* 92,) may use abbreviations so long as they are intelligible, and leave no uncertainty as to the property upon which the imposition is intended to be laid.

2.  The publication of notices to tax payers, required by tax laws, is an indispensable preliminary to the legality of a tax sale, and it must be made in strict accordance with statutory requirement.

On *certiorari.*

Argued at February Term, 1873, before Justices WOOD-HULL, VAN SYCKEL and SCUDDER.

For the plaintiff, C( *Parker.*

For the defendants, *Thos. N. McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The validity of a declaration of sale of certain lands of Joseph L. Alden, for unpaid taxes, in the city of Newark, for the year 1859, and of the proceedings touching the same, is controverted in this case.

The subject matter of the litigation is certified into this court by virtue of the act of April 2d, 1869. (*Pamph. Laws, p.* 1238.)*

The question whether there is a legal foundation for the tax title, is to be determined by this court on *certiorari,* and not as formerly, in an action of ejectment.

The stringent rule which applies to titles devised under tax sales, is clearly stated by Justice Depue, in *The State, Baxter, prosecutor,* v. *Jersey City, ante p.* 188.

" The sale of lands for taxes or assessments, is the execution of a naked power.   Every requirement of the statute

* *Rev., p.* 1045, § 15.

State, Alden, Pros., v. Mayor, &c., of Newark.

imposing the liability and prescribing the procedure to enforce it, which tends to the security of the owner, or is for his bene-fit, must be strictly conformed to. No intendment will be made in favor of the legality of the proceedings. To support the title, the burden of showing compliance with the law is on the purchaser."

The first alleged defect upon which the plaintiff relies is, that in the assessment the property assessed is not described with sufficient certainty.

The act concerning taxes, (*Nix. Dig.* 952, *pl.* 92,)* requires a designation of the real estate assessed by such short descrip-tion as will be sufficient to ascertain the location and extent thereof."

The description in this case is, " Joseph L. Alden, No. 16 Front street, real estate, H., L. and stable."

All that the statute requires, is a description which will identify the real estate. Abbreviations may be used as long as they are intelligible, and leave no uncertainty as to the property upon which the imposition is intended to be placed.

In this case, the real estate consisted of H., L. and stable, No. 16 Front street, evidently meaning house, lot and stable.

There can certainly be no difficulty in locating this lot, and it would burden the assessor with unnecessary labor to require a more extended description.

The second reason assigned for reversal is, that the notice of unpaid taxes was not published as required by law.

The eighty-fourth section of the charter of Newark directs that the city treasurer, after completing the transcript of unpaid taxes, shall cause a notice to be published in two daily news-papers in said city, stating that said transcript of unpaid taxes has been made, and that unless said taxes shall be paid at his office within twenty days after the first publication of said notice, he will proceed to collect the same by public sale, ac-cording to law.

The cases hold that these publications are indispensable preliminaries to the legality of a tax sale, and if so, they

* *Rev.*, *p.* 1154, § 69.

must, necessarily, be made in strict accordance with statutory requirement. *Thatcher* v. *Powell,* 6 *Wheat.* 119 ; *Ronkendorff* v. *Taylor's Lessees,* 4 *Peters* 349 ; *Sharp* v. *Speir,* 4 *Hill* 76.

The notice given in this case was, that unless the tax was paid within twenty days from the date of the notice, the land would be sold to pay the same.

The notice was dated August 10th, 1860, but was not published until August 11th, and consequently, but nineteen days were given the tax payer, after the first publication, in which to pay the tax. If the treasurer could reduce the time to nineteen days, there is no reason why he might not have made it ten, or any less number. It was the right of Alden to have twenty days' notice, and in this respect the course of procedure prescribed by the statute has not been complied with.

The object of the notice is to apprise the owner of a proceeding which, if not arrested by the payment of the tax, will divest him of his title. The manner in which notice shall be given is regulated by positive law, and there can be no departure from it. The power of sale will attach only when every prerequisite has been complied with. Its basis is the regularity of all anterior proceedings.

In my opinion, therefore, the sale cannot be supported, and judgment should be entered accordingly.

CITED in *State, Parker, pros.,* v. *Elizabeth,* 10 *Vr.* 688 ; *State, Allen, pros.,* v. *Woodbridge,* 13 *Vr.* 401.